UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dominique Slayton
                Plaintiff,                    Case No. 17-13875

v.

                                    Paul D. Borman
City of River Rouge and Edward Otis      United States District Judge

                Defendants,          Elizabeth A. Stafford
and                                         United States Magistrate Judge

City of Wyandotte, Benjamin Jones, and
Gerald Conz,

                Defendants.

---

## OPINION AND ORDER DENYING DEFENDANT ERWARD OTIS' MOTION FOR RECONSIDERATION (ECF No. 94)

### I. Introduction

On January 27, 2021, this Court issued an Opinion and Order granting summary judgment to the municipal defendants City of River Rouge and City of Wyandotte, and denying summary judgment to individual Defendants Benjamin Jones, Gerald Conz, and Edward Otis. (ECF No. 93.) Defendant Edward Otis filed a timely Motion for Reconsideration on February 10, 2021. (ECF No. 94.) Pursuant to this Court's Order (ECF No. 95), Plaintiffs filed a response on February 24, 2021. (ECF No. 96.) For the reasons that follow, the Court will deny the Defendant's present motion for reconsideration.

1

## II. Standard of Review

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)); see also *Dietrich v. 2010-1-CRE-MI Retail*, LLC, No. 15-CV-13820, 2016 WL 3753560, at *1 (E.D. Mich. 2016).

A party may also move pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of a court's prior ruling. Reconsideration is generally warranted under Rule 59(e) "if there is clear error of law, newly discovered evidence,

an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Similar to the local rule, Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp.2d 721, 726 (E.D. Mich. 2000). A Rule 59(e) motion is "an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

While the standard is articulated differently for each type of motion, the Sixth Circuit and courts in this district have held the standards are effectively the same. *See Henderson v. Walled Lake Consol. Schs.,* 469 F.3d 479, 496 (6th Cir.2006); *Barry v. Lyon*, No. 13-CV-13185, 2015 WL 1322728, at *1 (E.D. Mich. 2015).

### III. Analysis

In the motion for reconsideration, Defendant argues that this Court's Opinion and Order: (1) did not recognize that Slayton failed to plead a "failure to intervene" theory of liability against Defendant Otis and did not address the absence of that allegation in its analysis; (2) misapplied *Fazica v. Jordan*, 926 F.3d 283, 293 (6th

3

Cir. 2019) and related cases because of the Plaintiffs failure to plead Otis' failure to intervene; and that (3) the evidence cannot support the conclusion that Otis was part of the "small team of officers" who allegedly used excessive force.

Defendant's arguments concerning the sufficiency of the evidence placing Otis in a position to actively participate in the excessive force merely re-hash evidentiary arguments already made before this court, and rejected by the Court, and the motion will not be granted on those grounds. E.D. Mich. L. R. 7.1(h)(3).

Defendant challenges this Court's failure to acknowledge Plaintiff's lack of pleading a failure to intervene theory and the effect that has on the application of *Fazica* and its progeny. 926 F.3d 283 (6th Cir. 2019). Any failure to recognize that the Plaintiff's lack of a failure to intervene theory and the application of Fazica in a case such as this, however, is not a clear error of law that arises to a "palpable defect," because this Court's denial of summary judgment in favor of Otis does not rely only on a failure to intervene theory. E.D. Mich. L. R. 7.1(h)(3).

This Court's Opinion and Order holds that the Plaintiff presented sufficient evidence to create a question for the jury whether each of the individual Defendants, including Otis, committed a constitutional violation by personally participating in the post-arrest excessive force kicking of the Plaintiff. See *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 493 (6th Cir. 2020) ("*Fazica* merely relieves the plaintiff of the

4

summary judgment burden to pinpoint *which* specific officer committed *which* specific unconstitutional act.") (emphasis in original).

In *Pineda*, only one of the three individual Defendants was alleged to have used excessive force, and the plaintiff did not plead a failure to intervene against the other individual defendants. *Pineda*, 977 F.3d at 493. The court deemed that *Fazica*'s rule was inapplicable in that case and applicable only where plaintiff presents sufficient "evidence that *each particular defendant* committed a specific constitutional violation." *Id*. (emphasis in original). Unlike in *Pineda*, where only one out of three individual defendants were actually accused of a constitutional violation, in this case, each individual Defendant is alleged to have personally used excessive force.

The Plaintiff alleges he was struck several times on different parts of his body, and confirmed in his testimony that he believes he was struck by multiple officers. This Court found, taking the evidence in the light most favorable to the nonmoving party, that evidence placed each of the three officers at the post-handcuffing scene, including Otis at Plaintiff's head, and that all three applied excessive force. This is sufficient to create a question of fact for the jury to decide whether each Officer personally participated in the excessive force. This issue was considered and resolved by this Court in its Opinion and Order denying Defendant Otis' motion for summary judgment.

Further, after Plaintiff raised arguments under *Fazica* in his Response to Defendant Otis' motion for summary judgment, Defendant failed to argue in his Reply that *Fazica* was inapplicable because the Plaintiff did not plead failure to intervene in his Complaint. Defendant Otis raised this argument for the first time in his motion for reconsideration. Defendant replied to Plaintiff's arguments concerning *Fazica* and related cases without bringing up the lack of a specific claim for failure to intervene in Plaintiff's Complaint. (ECF No. 83 PageID.1844-46). Indeed, Defendant's Reply did appear to assume a failure to intervene issue in this case (ECF No. 83 PageID.1846), stating:

> Unlike, *Fazica* and *Pershell*, Otis was not physically involved in the arrest of plaintiff and was not in a position to observe excessive force or to prevent it from occurring.

"A party may not utilize a motion for reconsideration 'to raise legal argumentation which could have been heard during the pendency of the previous motion.' " *DiPonio Constr. Co. v. Int'l Union of Bricklayers, Local 9*, 739 F. Supp. 2d 986, 1004 (E.D. Mich. 2010) (quoting *Tkach v. Stonepath Logistics Servs.*, 2005 WL 1050280, at *5 (E.D. Mich. 2005)); *In re Greektown Holdings, LLC*, 728 F.3d 567, 575 (6th Cir. 2013) ("[A]bsent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited.").

Plaintiff's claim against Officer Otis does not rely solely on a failure to intervene; his testimony places Officer Otis at his head during the post-handcuff kicking that resulted in a black eye and other facial injuries, while he alleges that the other two officers were located on each side, where plaintiff also alleges he was kicked. (ECF No. 82-2 PageIDs.1548, 1580.)

Accordingly, the Motion for Reconsideration on behalf of Defendant Edward Otis is DENIED.

SO ORDERED.

Dated: March 8, 2021                      s/Paul D. Borman
                                                                         Paul D. Borman
                                                                         United States District Judge